IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| EMZIE LEE SMITH, | ) Civil Action No.: 4:04-0776-HFF-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| JAMES DORRIETY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, Emzie Lee Smith, filed this action under 42 U.S.C. § 1983[1] on March 16, 2004. Plaintiff alleges that his constitutional rights were violated due to conditions of confinement while a pre-trial detainee at the Greenville County Detention Center[2]. Specifically, plaintiff complains of overcrowding, improper food portions, and failure to respond to grievances. Plaintiff seeks compensatory damages. The defendant filed an answer on April 19, 2004. On June 17, 2005, defendant filed a motion to for summary judgment along with supporting memorandum. (Document #24). Because the plaintiff is proceeding pro se, he was advised on or about June 20, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion for summary judgment with additional evidence or counter affidavits could result in

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Court.

[2] Plaintiff filed a change of address with the Court on May 18, 2004, to #6 Cordova Lane, Greenville, SC 29605, stating that his wife would forward his mail to him. (Document #9).

dismissal of his complaint. The plaintiff has failed to file a response.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendant's motion for summary judgment. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II. CONCLUSION

The undersigned recommends dismissal of the complaint pursuant to Fed. R. Civ. 41(b) as set forth above.

                                              Respectfully submitted,

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

August 5, 2005.
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**